THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Aunt and Uncle, Respondents,
 
 
 

v.

 
 
 
 Addie W., Charles
 L., and Melvin M., Defendants,
 of whom Melvin
 M. is the Appellant.
 In
 the interest of a minor child under the age of fourteen. 
 
 
 

Appeal From Kershaw County
 Roger E. Henderson, Family Court Judge
Unpublished Opinion No. 2009-UP-169
Submitted April 1, 2009  Filed April 27,
 2009
AFFIRMED

 
 
 
 Grady G Hart, Jr., of Columbia, for Appellant.
 James B Richardson, Jr., and John B. Allen, Jr., both of Columbia,
 for Respondents.
 Moultrie D Roberts, of Columbia, Guardian Ad Litem.
 
 
 

PER CURIAM: Melvin M. (Father) appeals from the
 family court's order granting Aunt and Uncle's petition to adopt his minor
 Child.  Father argues the family court erred in finding his consent to Child's
 adoption was not required and the court erred in terminating his parental
 rights.  We disagree.
1.  We affirm the family
 court's finding that Father's consent to Child's adoption was not necessary.  See South Carolina Code Ann. § 63-9-310(A)(4) (Supp. 2008) (stating when a child is
 more than six months old at the time the child is placed with prospective
 adoptive parents, the consent of the child's biological father is not required
 for child's adoption unless the father "has maintained substantial and
 continuous or repeated contact with the child"); Parag v. Baby Boy
 Lovin, 333 S.C. 221, 227-28, 508 S.E.2d 590, 593 (Ct. App. 1998) ("While
 the unwed father possesses an opportunity to develop a relationship with his
 offspring, this opportunity is of limited duration as a constitutionally
 significant interest because of the child's need for early permanence and
 stability in parental relationships."). 
2.  Furthermore, we affirm the
 family court's finding clear and convincing evidence demonstrated Child lived
 outside Father's home for six months, and during that time, Father willfully
 failed to visit or support Child, pursuant to South Carolina Code Ann. sections
 63-7-2570(3)-(4) (Supp. 2008).  We additionally affirm the family court's
 finding that termination of Father's parental rights is in Child's best
 interest.  See S.C. Code Ann. § 63-7-2570 (Supp. 2008) (stating the
 family court may order TPR upon finding one or more of eleven statutory grounds
 is satisfied and also finding TPR is in the best interest of the child).    
Accordingly, the family
 court order terminating Father's parental rights and granting Aunt and Uncle's
 petition to adopt Child is
AFFIRMED.[1]
HEARN, C.J., KONDUROS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.